```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------X
MARINA BONAPARTE, M.D. and
LEWIS BRESTIN, D.D.S.

                Plaintiffs,

     -against-                        06-CV-141 (CPS)

                                      MEMORANDUM OPINION
NATAN POLISHUK A/K/A NATHAN           AND ORDER
POLISHUK, EFREM MILNER, NIKITH
WEINTRAUB, GIROLAMO PUCCIO, JR.,
ALTERNATIVE TREATMENT CENTER OF
PATTERSON LLC, AND JOHN DOE
AND/OR JANE DOE 1-10,

                Defendants.
-------------------------------X
```

SIFTON, Senior Judge.

  Marina Bonaparte and Lewis Brestin (collectively, "plaintiffs") commenced this action on February 4, 2006 against several defendants[1], alleging violations of 18 U.S.C. § 1962(c), 18 U.S.C. § 1962(d), common law fraud, and unjust enrichment.[2] Plaintiffs assert that defendants fraudulently represented that

---

[1] The named defendants in the February 2006 Complaint are Natan Polishuk (a/k/a Nathan Polishuk), Efrem Milner, Nikith Weintraub, Girolamo Puccio, Fred Puccio, Girolamo Puccio, Jr., Alternative Treatment Center of Newark LLC, Alternative Treatment Center of Patterson LLC, and John Doe and/or Jane Doe 1-10. Plaintiffs filed a First Amended Complaint on August 11, 2006, excluding from the list of defendants Girolamo Puccio, Fred Puccio, and Girolamo Puccio, Jr.

[2] Plaintiffs allege the 18 U.S.C. § 1962(c)-(d) claims against all defendants and seek treble damages, costs, and attorney's fees. Plaintiffs allege the claims of common law fraud and unjust enrichment against defendants Natan Polishuk, Efrem Milner, Nikith Wintraub (collectively referred to as the "Defendant Owners"), Alternative Treatment Center of Newark LLC and the Alternative Treatment Center of Patterson LLC (collectively referred to as the "Treatment Centers"). For the common law fraud claim, plaintiffs seek compensatory damages against the Defendant Owners and Treatment Centers in the amount of $282,700 and punitive damages of $1,000,000. For the unjust enrichment claim, plaintiffs seek damages against the Defendant Owners and the Treatment Centers in the amount of $282,700.

they owned and would sell interests in businesses that provide medical testing for HIV/AIDS. On May 16, 2006, plaintiffs filed a motion for entry of default judgment pursuant to Federal Rule of Civil Procedure 55(a) against three defendants, Nikith Weintraub ("Weintraub"), Natan Polishuk ("Polishuk"), and Efrem Milner ("Milner") whose default has been noted by the Clerk of Court. Defendant Milner thereafter filed an Answer to the Complaint, and plaintiffs have withdrawn their motion for default judgment against Milner. Presently before the Court is plaintiffs' motion for entry of a partial judgment pursuant to Federal Rule of Civil Procedure 54(b) against defendants Weintraub and Polishuk. For the following reasons, plaintiffs motion is denied.

Plaintiffs have not met their burden to show under the terms of Rule 54(b) that "there is no just reason for delay", Fed. R. Civ. Proc. 54(b), and that the equities favor granting the motion. *See Curtiss-Wright Corp. v. General Electric Co.*, 446 U.S. 1, 8 (1980). The usual ground for delay - the avoidance of piecemeal appeals - is not entirely disposed of by the fact that the defendants against whom the judgment is sought have defaulted. Even if the default can be taken as an assurance that those defendants will not appeal, an appeal by plaintiffs themselves from an adverse result in an inquest as to damages might duplicate an appeal by nondefaulting defendants. Nor do

the equities weigh in favor of an immediate judgment. Plaintiffs believe that defendant Polishuk may have died. However, a judgment will not hasten the substitution of his executor pursuant to Rule 25 of the Rules of Civil Procedure.[3] With respect to defendant Weintraub, his default may constitute an admission that he defrauded plaintiffs, making it likely that he will do so in the future by concealing or dissipating his assets, rendering a later judgment of no effect. However, inaction such as a default is in its nature ambiguous and does not point unequivocally to past much less future fraud. More forceful evidence that delay in the entry of a judgment would render it unenforceable is necessary to overcome the "historic federal policy against piecemeal appeals." *Id*. at 8 (citation omitted). Plaintiffs' Rule 54(b) motion is accordingly denied without prejudice.

SO ORDERED.

Dated:   Brooklyn, New York
         February 26, 2007

By: <u>/s/ Charles P. Sifton (electronically signed)</u>
United States District Judge

---

[3] Defendant's death may also provide a ground for a motion to vacate his default by his executor when the substitution has been effected.